SHAWN N. ANDERSON
United States Attorney
BENJAMIN K. PETERSBURG
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
NOV 05 2025
JEANNE G. QUINATA
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARISSA M. F. TENORIO, KATHLEEN A. PEREDO, TINA SANCHEZ, WINNIE JO SANTOS, FRANKIE C. ROSALIN, MATTHEW TOPASNA, and MARLENE PINAULA,<br><br>Defendants. | CRIMINAL CASE NO. 25-00011<br><br>**SUPERSEDING INDICTMENT**<br><br>**CONSPIRACY TO COMMIT WIRE FRAUD**<br>[18 U.S.C. §§ 1349 & 1343]<br>(Count 1)<br>**WIRE FRAUD**<br>[18 U.S.C. §§ 1343 & 2]<br>(Counts 2-10)<br>**CONSPIRACY TO COMMIT MAIL FRAUD**<br>[18 U.S.C. §§ 1349 & 1341]<br>(Count 11)<br>**MAIL FRAUD**<br>[18 U.S.C. §§ 1341 & 2]<br>(Counts 12 to 29)<br>**FEDERAL PROGRAM THEFT**<br>[18 U.S.C. §§ 666 & 2]<br>(Count 30)<br>**MONEY LAUNDERING**<br>[18 U.S.C. §§ 1957 & 2]<br>(Counts 31 to 45)<br>**MONEY LAUNDERING CONSPIRACY**<br>[18 U.S.C. §§ 1956(h) & 2]<br>(Count 46)<br>**WITNESS TAMPERING**<br>[18 U.S.C. § 1512(d)(2)]<br>(Counts 47 to 48)<br>**NOTICE OF FORFEITURE**<br>[18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1); 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c)] |

ORIGINAL

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times material to this Indictment:

1. Beginning in or about March 2020, the Guam Department of Labor ("GDOL") administered a number of federally-funded programs designed to provide financial assistance to individuals who were out of work, unable to work, or had lost work due to the COVID-19 pandemic.

2. As part of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), the U.S. Congress authorized a number of programs providing unemployment benefits including the Pandemic Unemployment Assistance ("PUA"), Pandemic Emergency Unemployment Compensation ("PEUC"), and Federal Pandemic Unemployment Compensation ("FPUC"). Additionally, beginning around August 2020, the Federal Emergency Management Agency ("FEMA") administered grants to all states and territories as part of the Lost Wages Assistance Program ("LWAP"). These grants were made in direct relation to the President's declaration of a national emergency pursuant to the Stafford Act. (PUA, PEUC, FPUC, and LWAP referred to hereafter collectively as "pandemic unemployment benefits").

3. In order to be eligible for pandemic unemployment benefits, applicants must have been unemployed, partially unemployed, or unable or unavailable to work for reasons related to the COVID-19 pandemic.

4. GDOL created an application designed to determine an applicant's eligibility for all relevant benefits programs related to unemployment as a result of the COVID-19 pandemic. The application was available in paper form and via the GDOL website. Online applications were processed using the HireGuam computer system. The application required applicants to provide, under penalty of perjury, certain biographical information and information related to their

employment, prior employment, any loss of employment, and other information related to their employment history. Applicants were also required to provide supporting documents, when available, such as copies of photo identification, pay records, furlough or lay-off letters from employers, or self-attestations stating how and why the applicant was eligible for benefits. In some circumstances, employers were authorized to provide information on behalf of their employees to assist with their applications. All information provided in support of applications for benefits was required to be truthful and correct.

5. Eligibility specialists and other personnel at GDOL reviewed these applications and supporting documents to determine whether the applicant was eligible for benefits. GDOL personnel used an agency computer system that required GDOL employees to log in using a unique username and logged their activity, including which applications were accessed and actions taken in relation to those applications.

6. Approved applicants received their benefits via mailed paper check or direct deposit to a bank account identified in their applications. Benefits were paid periodically based on an applicant's continuing eligibility.

7. In order to continue receiving benefits after the approval of an initial application, applicants were required to log in to their GDOL accounts and make weekly certifications that they remained unemployed or otherwise remained eligible for assistance due to the COVID-19 pandemic. Applicants were also required to report any earnings during the relevant claim period. In some circumstances, GDOL allowed employers to provide these certifications or verifications on their employees' behalf.

**Defendants and Co-Conspirators**

8. Defendant CHARISSA M. F. TENORIO ("TENORIO") was a resident of Sinajana, Guam.

9. Defendant KATHLEEN A. PEREDO ("PEREDO") was a resident of Agana Heights, Guam, and was employed by GDOL as the PUA Program Manager. PEREDO had access to the GDOL agency computer system, could view applications and supporting documents, could upload and modify applications and supporting documents, and could approve applications.

10. Defendant FRANKIE C. ROSALIN ("ROSALIN") was a resident of Sinajana Guam.

11. TENORIO and ROSALIN were co-owners and operators of Comfort Cuts and Grounds Maintenance, LLC ("Comfort Cuts"), a business providing grounds maintenance, landscaping, and janitorial services. TENORIO and ROSALIN were also romantic partners.

12. Defendant TINA SANCHEZ ("SANCHEZ") was a resident of Santa Rita, Guam. SANCHEZ was ROSALIN's mother and provided services for Comfort Cuts but was not a formal employee of the business.

13. Defendant WINNIE JO SANTOS ("SANTOS") was a resident of Santa Rita, Guam and was employed by Comfort Cuts as a supervisor or office manager.

14. Defendant MATTHEW TOPASNA ("TOPASNA") was resident of Santa Rita, Guam and owned and operated Haute Dog & Company ("HDC"), a food truck business.

15. Defendant MARLENE PINAULA ("PINAULA") was a resident of Barrigada, Guam and employed at GDOL as staff within the PUA program. PINAULA reported directly to PEREDO. PINAULA had access to the GDOL agency computer system, could view applications and supporting documents, could upload and modify applications and supporting documents, and could approve applications.

**COUNT 1: CONSPIRACY TO COMMIT WIRE FRAUD**
**18 U.S.C. §§ 1349 & 1343**

16. Paragraphs 1 through 15 of this Indictment are re-alleged and incorporated as if fully set forth herein.

17. Beginning on a date unknown to the Grand Jury but by at least July 2020, and continuing thereafter through in or about September 2021, within the District of Guam and elsewhere, the Defendants CHARISSA M. F. TENORIO, KATHLEEN A. PEREDO, TINA SANCHEZ, WINNIE JO SANTOS, FRANKIE C. ROSALIN, MATTHEW TOPASNA, MARLENE PINAULA, and other co-conspirators known and unknown to the Grand Jury, did willfully and knowingly combine, conspire and agree with each other to violate Title 18, United States Code, Section 1343, namely, to knowingly devise and intend to devise and participate, with the intent to defraud, in a material scheme and artifice to defraud the Guam Department of Labor by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts.

**Object of the Conspiracy**

18. The object of the conspiracy was for the Defendants to unlawfully obtain pandemic unemployment benefits for themselves and others by means of false and fraudulent pretenses and representations.

**Manner and Means of the Conspiracy**

19. To accomplish the object of the conspiracy, the Defendants and coconspirators utilized the following manner and means, among other things:

20. Defendants and others solicited individuals in Guam to apply for pandemic unemployment benefits, including employees of Comfort Cuts and others.

21. Defendants and others falsely represented to these prospective beneficiaries that they qualified for pandemic unemployment benefits.

22. Defendants TENORIO, SANCHEZ, and SANTOS provided applications for individuals to complete and helped individuals complete and submit the applications. In most cases, the individuals wrote in their name, signed the application, and left the rest blank for someone else to complete on their behalf.

23. Defendants and others provided some prospective applicants, including Comfort Cuts employees, with letters from Comfort Cuts bearing ROSALIN's signature falsely claiming that the individual had been laid off or furloughed from employment at Comfort Cuts.

24. In fact, Comfort Cuts continued operating during the COVID-19 pandemic. Comfort Cuts continued to perform and receive payment for work on several Guam government contracts, including for work performed at GDOL, as well as for work at private homes and businesses.

25. On at least one occasion, PEREDO signed off acknowledging that Comfort Cuts had performed contractual work at GDOL during the time that Comfort Cuts employees were receiving fraudulent pandemic unemployment benefits.

26. For non-Comfort Cuts related applications, members of the conspiracy completed self-attestation forms on behalf of the applicants that made various false claims about the applicant's work history and employment status in order to make it appear the applicant was eligible for pandemic unemployment benefits.

27. For HDC related applications, TOPASNA provided letters to his employees and to individuals who had never worked for HDC falsely claiming that the individuals had been employed at HDC but were laid off or furloughed due to the COVID-19 pandemic.

28. TOPASNA applied for pandemic unemployment benefits on his own behalf and falsely claimed that HDC never operated.

29. In fact, HDC continued to operate through at least the summer of 2020, and some of the individuals whose applications stated they were employed at HDC had never worked there at all. At least one applicant who worked at HDC left Guam to attend college but continued to receive pandemic unemployment benefits.

30. For many applicants, Defendants and others created HireGuam accounts, submitted applications, and uploaded supporting documents on the applicants' behalf and without the

applicants' full knowledge.

31. PINAULA and PEREDO consulted with TENORIO directly, used their access to and knowledge of the HireGuam computer system to check on the fraudulent applications and in many cases, approved the fraudulent applications for payment.

32. After the fraudulent applications were approved, the applicants began receiving benefits either through direct deposit to a specified bank account or through checks received by U.S. mail.

33. In many cases, TENORIO, SANCHEZ, or SANTOS directed individuals who received benefits to turn over half or more of the initial payment in cash to TENORIO at the Comfort Cuts office.

34. In many cases, TENORIO, SANCHEZ, or SANTOS accompanied individuals who received benefits to a bank where the individual cashed a benefits check in order to make sure that a portion of the cash was turned over to TENORIO. In many cases, fraudulent benefits checks were signed over to SANCHEZ or SANTOS directly for deposit and/or cashing.

35. In at least one instance, fraudulent pandemic unemployment benefits were deposited directly into a bank account TENORIO controlled.

36. Many Comfort Cuts employees who received pandemic unemployment benefits continued to perform work for Comfort Cuts, but Comfort Cuts stopped paying their regular wages and treated the pandemic unemployment benefits as if they were payment for their services.

37. After the fraudulent applications received their initial approval and payments were issued, PINAULA, PEREDO, and others fraudulently, and without the applicants' knowledge, completed weekly certifications on behalf of the applicants certifying that they remained eligible to continue receiving benefits.

38. In many cases, PINAULA and PEREDO took action at GDOL to hold pandemic unemployment benefit checks to prevent them from being mailed to the beneficiaries and instead

delivered them to members of the conspiracy.

39. In addition to submitting fraudulent applications for pandemic unemployment benefits on behalf of others, ROSALIN, SANCHEZ, TOPASNA, and SANTOS submitted fraudulent applications for pandemic unemployment benefits in their own names.

40. Defendants and co-conspirators caused to be submitted fraudulent applications for pandemic unemployment benefits in a total amount of approximately $1.9 million.

All in violation of Title 18, United States Code, Sections 1349 and 1343.

**COUNTS 2-10: WIRE FRAUD**
**18 U.S.C. §§ 1343 and 2**

41. Paragraphs 1 through 40 of this Indictment are re-alleged and incorporated as if fully set forth herein.

**The Scheme to Defraud**

42. Beginning on a date unknown to the Grand Jury but by at least July 2020, and continuing thereafter through in or about October 2021, within the District of Guam and elsewhere, the Defendants CHARISSA M. F. TENORIO, KATHLEEN A. PEREDO, TINA SANCHEZ, WINNIE JO SANTOS, FRANKIE C. ROSALIN, MATTHEW TOPASNA, and MARLENE PINAULA did knowingly devise and intend to devise, with the intent to defraud, a material scheme and artifice to defraud and to obtain money and property from the Guam Department of Labor, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and for the purpose of executing the scheme and artifice to defraud and for obtaining money and property, to wit: the Defendants participated in a scheme to fraudulently obtain pandemic unemployment benefits as described more particularly above.

**Use of the Wires**

43. For the purpose of executing and attempting to execute the above-described conspiracy and scheme and artifice to defraud, the Defendants and coconspirators knowingly

transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds as listed below:

| Count | Approximate Date of Wire | Description of Wire | Amount |
|---|---|---|---|
| 2 | 12/01/2020 | Direct deposit of pandemic unemployment benefits intended for M.H. | $20,960.00 |
| 3 | 09/08/2020 | Direct deposit of pandemic unemployment benefits intended for R.D. | $14,530.00 |
| 4 | 01/19/2021 | Direct deposit of pandemic unemployment benefits intended for J.I. | $16,310.00 |
| 5 | 12/29/2020 | Direct deposit of pandemic unemployment benefits intended for J.S. | $22,890.00 |
| 6 | 09/08/2020 | Direct deposit of pandemic unemployment benefits intended for D.T. | $14,220.00 |
| 7 | 09/08/2020 | Direct deposit of pandemic unemployment benefits intended for MATTHEW TOPASNA | $16,930.00 |
| 8 | 12/17/2020 | Direct deposit of pandemic unemployment benefits intended for WINNIE JO SANTOS | $21,270.00 |
| 9 | 08/28/2020 | Direct deposit of pandemic unemployment benefits intended for FRANKIE C. ROSALIN | $8,270.00 |
| 10 | 05/26/2021 | Direct deposit of pandemic unemployment benefits intended for TINA SANCHEZ | $2,900.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT 11: CONSPIRACY TO COMMIT MAIL FRAUD**
**18 U.S.C. §§ 1349 and 1341**

44. Paragraphs 1 through 43 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

45. Beginning on a date unknown to the Grand Jury but by at least July 2020, and continuing thereafter through in or about October 2021, within the District of Guam and elsewhere, the Defendants CHARISSA M. F. TENORIO, KATHLEEN A. PEREDO, TINA SANCHEZ,

WINNIE JO SANTOS, FRANKIE C. ROSALIN, MATTHEW TOPASNA, and MARLENE PINAULA and other co-conspirators known and unknown to the Grand Jury, did willfully and knowingly combine, conspire and agree with each other to violate Title 18, United States Code, Section 1341, namely, to knowingly devise and intend to devise and participate, with the intent to defraud, in a material scheme and artifice to defraud the Guam Department of Labor by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and for the purpose of executing such scheme or artifice knowingly caused to be delivered by mail any matter or thing according to the direction thereon or at the place at which it is directed to be delivered by the person to whom it is addressed.

46. The object of the conspiracy and the manner and means with which it was to be accomplished are as alleged in Count 1 of this Indictment.

All in violation of Title 18, United States Code, Sections 1349 and 1341.

**COUNTS 12 – 29: MAIL FRAUD**
**18 U.S.C. §§ 1341 and 2**

47. Paragraphs 1 through 46 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

48. Beginning on a date unknown to the Grand Jury but by at least July 2020, and continuing thereafter through in or about October 2021, within the District of Guam and elsewhere, the Defendants CHARISSA M. F. TENORIO, KATHLEEN A. PEREDO, TINA SANCHEZ, WINNIE JO SANTOS, FRANKIE C. ROSALIN, MATTHEW TOPASNA, and MARLENE PINAULA did knowingly devise and intend to devise, with the intent to defraud, a material scheme and artifice to defraud and to obtain money and property from the Guam Department of Labor, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and for the purpose of executing the scheme and artifice to defraud and for obtaining money and property, to wit: the Defendants participated in a scheme to fraudulently

obtain pandemic unemployment benefits as described more particularly above.

**Use of the Mail**

49. For the purpose of executing and attempting to execute the above-described conspiracy and scheme and artifice to defraud, the Defendants and coconspirators knowingly caused to be delivered by mail according to the direction thereon any matter or thing, to wit: pandemic unemployment benefit checks issued by GDOL as described below:

| Count | Approximate Date of Mailing | Description of Mail Item | Amount |
|---|---|---|---|
| 12 | 05/11/2021 | Check issued for pandemic unemployment benefits intended for R.B. | $20,650.00 |
| 13 | 01/19/2021 | Check issued for pandemic unemployment benefits intended for T.B. | $21,270.00 |
| 14 | 05/11/2021 | Check issued for pandemic unemployment benefits intended for J.B. | $18,790.00 |
| 15 | 03/30/2021 | Check issued for pandemic unemployment benefits intended for J.C. | $20,960.00 |
| 16 | 01/19/2021 | Check issued for pandemic unemployment benefits intended for R.N. | $16,005.00 |
| 17 | 12/29/2020 | Check issued for pandemic unemployment benefits intended for K.A. | $22,890.00 |
| 18 | 05/26/2021 | Check issued for pandemic unemployment benefits intended for E.G. | $27,650.00 |
| 19 | 03/02/2021 | Check issued for pandemic unemployment benefits intended for E.M. | $24,670.00 |
| 20 | 05/11/2021 | Check issued for pandemic unemployment benefits intended for S.W. | $11,100.00 |
| 21 | 05/17/2021 | Check issued for pandemic unemployment benefits intended for R.R. | $24,308.00 |
| 22 | 02/02/2021 | Check issued for pandemic unemployment benefits intended for W.D. | $21,270.00 |
| 23 | 03/02/2021 | Check issued for pandemic unemployment benefits intended for A.K. | $25,250.00 |
| 24 | 04/13/2021 | Check issued for pandemic unemployment benefits intended for M.K. | $21,270.00 |
| 25 | 05/11/2021 | Check issued for pandemic unemployment benefits intended for Jo.P. | $24,330.00 |
| 26 | 05/11/2021 | Check issued for pandemic unemployment benefits intended for N.S. | $4,640.00 |
| 27 | 12/17/2020 | Check issued for pandemic unemployment benefits intended for N.R. | $21,270.00 |

| Count | Approximate Date of Mailing | Description of Mail Item | Amount |
|---|---|---|---|
| 28 | 03/02/2021 | Check issued for pandemic unemployment benefits intended for Jad.S. | $24,670.00 |
| 29 | 12/17/2020 | Check issued for pandemic unemployment benefits intended for M.N. | $2,790.00 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 30: FEDERAL PROGRAM THEFT**
**18 U.S.C. §§ 666(a)(1)(A) & 2**

50. Paragraphs 1 through 49 of this Indictment are re-alleged and incorporated as if fully set forth herein.

51. Beginning on a date unknown to the Grand Jury but by at least July 2020, and continuing thereafter through in or about October 2021, in the District of Guam, Defendants KATHLEEN A. PEREDO and MARLENE PINAULA, being agents of the Guam Department of Labor, an agency of a local government, where such agency received benefits in excess of $10,000 annually, including calendar years 2020 and 2021, under federal programs involving grants, contracts, subsidies, loan guarantees, insurance and other forms of federal assistance, such as the above described pandemic unemployment benefits, embezzled, stole, obtained by fraud, and otherwise without lawful authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied property worth at least $5,000.00 and owned by, under the care of, under the custody of, and under the control of such agency, that is pandemic unemployment benefits, in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**COUNT 31: MONEY LAUNDERING**
**18 U.S.C. §§ 1957 & 2**

52. Paragraphs 1 through 51 of this Indictment are re-alleged and incorporated as if fully set forth herein.

53. On or about September 16, 2020, in the District of Guam and elsewhere, the Defendant CHARISSA M. F. TENORIO, did knowingly engage, attempt to engage, cause to

engage and attempt to cause to engage in monetary transactions, affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000, that is the deposits, withdrawal, transfer, exchange of funds for monetary instruments, as set forth below, such property having been derived from specified unlawful activity, that is conspiracy to commit wire fraud, a violation of Title 18, United States Code, Sections 1349 and 1343, as set forth in Count 1,

| Account Name | Bank | Date of Deposit | Withdrawal Amount |
|---|---|---|---|
| Tenorio et al | Bank of Guam | September 16, 2020 | $12,530 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

**COUNTS 32 to 35: MONEY LAUNDERING**
**18 U.S.C. §§ 1957 & 2**

54. Paragraphs 1 through 53 of this Indictment are re-alleged and incorporated as if fully set forth herein.

55. On or about the dates listed below, in the District of Guam and elsewhere, the Defendants named in the counts below, did knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000, such property having been derived from specified unlawful activity, that is conspiracy to commit mail fraud, a violation of Title 18, United States Code, Sections 1349 and 1341, as set forth in Count 11 of the Indictment, as set forth in the counts below:

| Count | Bank | Date of Transaction | PUA Recipient | Directed / Accompanied by | Amount |
|---|---|---|---|---|---|
| 32 | Bank of Guam | 02/15/2021 | W.D. | TINA SANCHEZ | $21,270.00 |
| 33 | Bank of Guam | 03/09/2021 | A.K. | CHARISSA M. F. TENORIO | $25,250.00 |
| 34 | Bank of Guam | 06/07/2021 | E.G. | TINA SANCHEZ | $27,650.00 |
| 35 | Bank of Guam | 07/02/2021 | D.C. | CHARISSA M. F. TENORIO | $15,430.00 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNTS 36 to 45: MONEY LAUNDERING
## 18 U.S.C. §§ 1957 & 2

56. Paragraphs 1 through 55 of this Indictment are re-alleged and incorporated as if fully set forth herein

57. On or about the dates listed below, in the District of Guam and elsewhere, the Defendants named in the counts below, did knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000, such property having been derived from specified unlawful activity, to wit, federal program theft, in violation of Title 18, United States Code, Sections 666 and 2, as set forth in Count 30 of the Indictment, as set forth in the counts below:

| Count | Bank | Date of Transaction | PUA Recipient | Directed / Accompanied by | Amount |
|---|---|---|---|---|---|
| 36 | Bank of Guam | 12/23/2020 | N.R. | CHARISSA M. F. TENORIO | $21,270.00 |
| 37 | Bank of Guam | 01/28/2021 | R.N | WINNIE JO SANTOS | $16,005.00 |
| 38 | Bank of Guam | 01/29/2021 | T.B. | WINNIE JO SANTOS | $21,270.00 |
| 39 | Bank of Guam | 03/08/2021 | J.S. | TINA SANCHEZ | $24,670.00 |
| 40 | Bank of Guam | 03/09/2021 | A.S. | TINA SANCHEZ | $24,670.00 |
| 41 | Bank of Guam | 03/09/2021 | N.S. | CHARISSA M. F. TENORIO | $24,670.00 |
| 42 | Bank of Guam | 04/20/2021 | M.K. | TINA SANCHEZ | $21,270.00 |
| 43 | Bank of Guam | 05/18/2021 | J.B. | CHARISSA M. F. TENORIO | $18,790.00 |
| 44 | Bank of Guam | 05/18/2021 | R.B. | CHARISSA M. F. TENORIO | $20,650.00 |
| 45 | Bank of Guam | 05/18/2021 | J.B.P. | CHARISSA M. F. TENORIO | $24,330.00 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

**COUNT 46: CONSPIRACY TO COMMIT MONEY LAUNDERING**
**18 U.S.C. §§ 1956(h) & 2**

58. Paragraphs 1 through 57 of this Indictment are re-alleged and incorporated as if fully set forth herein.

59. Beginning at least in or about December of 2020, the exact date unknown to the Grand Jury, and continuing until at least July of 2021, both dates being approximate and inclusive, in the District of Guam and elsewhere, the Defendants CHARISSA M. F. TENORIO, KATHLEEN A. PEREDO, TINA SANCHEZ, and WINNIE JO SANTOS, willfully and knowingly conspired and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Sections 1956 and 1957, to wit:

a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343; conspiracy to commit mail fraud, in violation of Title 18, United States Code, Sections 1349 and 1341; and federal program theft, in violation of Title 18, United States Code, Sections 666 and 2, knowing that the transactions were designed in whole or in part to conceal and disguise the source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343; conspiracy to commit mail fraud, in violation of Title 18, United States Code, Sections 1349 and 1341; and federal program theft, in violation of Title 18, United States Code, Sections 666 and 2, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b. to knowingly engage and attempt to engage in monetary transactions, by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343; conspiracy to commit mail fraud, in violation of Title 18, United States Code, Sections 1349 and 1341; and federal program theft, in violation of Title 18, United States Code, Sections 666 and 2, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Sections 1956(h) and 2

**COUNT 47: WITNESS TAMPERING**
**18 U.S.C. § 1512(d)(2)**

60. Paragraphs 1 through 53 of this Indictment are re-alleged and incorporated as if fully set forth herein.

61. On or about August 7, 2024, in the District of Guam, the Defendant, CHARISSA M. F. TENORIO, did intentionally harass another person, namely, an individual identified herein by the initials M.K., and did thereby attempt to hinder, delay, prevent, and dissuade M.K. from reporting to a law enforcement officer the commission of a Federal offense, in violation of Title 18, United States Code, Section 1512(d)(2).

**COUNT 48: WITNESS TAMPERING**
**18 U.S.C. § 1512(d)(2)**

62. Paragraphs 1 through 55 of this Indictment are re-alleged and incorporated as if fully set forth herein.

63. On or about August 6, 2024, in the District of Guam, Defendants, CHARISSA M. F. TENORIO and TINA SANCHEZ, did intentionally harass another person, namely, an individual identified herein by the initials J.S., and did thereby attempt to hinder, delay, prevent, and dissuade J.S. from reporting to a law enforcement officer the commission of a Federal offense, in violation of Title 18, United States Code, Section 1512(d)(2).

**NOTICE OF FORFEITURE**

**CRIMINAL FORFEITURE ALLEGATION NO. 1**
**CONSPIRACY TO COMMIT WIRE FRAUD and WIRE FRAUD**
**18 U.S.C. §§ 1349 & 1343**

1. The allegations contained in Counts 1-10 this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). As a result of the violations of Title 18, United States Code, Sections 1343 and 1349, as charged in the Indictment,

each defendant who is convicted of any of the offenses shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), incorporated by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including but not limited to, the following: money judgment.

2. If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of substitute property.

**CRIMINAL FORFEITURE ALLEGATION NO. 2**
**CONSPIRACY TO COMMIT MAIL FRAUD and MAIL FRAUD**
**18 U.S.C. §§ 1349 & 1341**

3. The allegations contained in Counts 11-29 this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). As a result of the violations of Title 18, United States Code, Sections 1341, and 1349, as charged in the Indictment, each defendant who is convicted of any of the offenses shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), incorporated by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including but not limited to, the following:

money judgment.

4. If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of substitute property.

**CRIMINAL FORFEITURE ALLEGATION NO. 3**
**FEDERAL PROGRAM THEFT**
**18 U.S.C. § 666**

5. The allegations contained in Count 30 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). As a result of the violations of Title 18, United States Code, Section 666, as charged in the Indictment, each defendant who is convicted of the offense shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), incorporated by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including but not limited to, the following: money judgment.

6. If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of substitute property.

**CRIMINAL FORFEITURE ALLEGATION NO. 4**
**CONSPIRACY TO COMMIT MONEY LAUNDERING AND MONEY LAUNDERING**
**18 U.S.C. §§ 1956(h) & 1957**

7. The allegations contained in Counts 31 to 46 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1). As a result of a conviction for the offense of Conspiracy to Commit Money Laundering and Money Launder in violation of Title 18, United States Code, Sections 1956(h) and 1957, as set forth in the Indictment, each defendant who is convicted of any of the money laundering charges shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to: money judgment.

8. If any of the property described above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

DATED this 5th day of November 2025.

REDACTED

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: ______________________________
BENJAMIN K. PETERSBURG
Assistant U.S. Attorney